UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LASERDYNAMICS USA, LLC,

    Plaintiff,

    -against-

EVIL ANGEL PRODUCTIONS, INC., and
ECHO ALPHA, INC. (f/k/a JOHN
STAGLIANO, INC.),

    Defendants.

15 CV 03658

Civil Action No.:_____

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

ECF Case

COPY RECEIVED MAY 12 2015 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff LaserDynamics USA, LLC ("LDUSA"), by and through its attorneys,

Kheyfits & Maloney LLP, as and for its complaint against Defendants Evil Angel Productions,

Inc. ("Evil Angel"), and Echo Alpha, Inc. (f/k/a John Stagliano, Inc.) ("Echo Alpha") (Evil

Angel and Echo Alpha are collectively referred to herein as "Defendants"), hereby alleges as

follows:

### NATURE OF THE ACTION

1.    This is an action under the patent laws of the United States, 35 U.S.C. §§

1, *et seq.*, for infringement by Defendants of one or more claims of U.S. Patent No's. 6,426,927

(the "'927 patent"), 6,529,469 (the "'469 patent"), and 7,116,629 (the "'629 patent")

(collectively, the '927 patent, the '469 patent, and the '629 patent are referred to herein as the

"Patents-in-Suit").

### PARTIES

2.    Plaintiff LDUSA is a limited liability company organized and existing

under the laws of the State of Delaware, having its principal place of business at 75 Montebello

Road, Suffern, New York 10901.

1

3.     On information and belief, Defendant Evil Angel is a corporation organized under the laws of the State of California, having its principal place of business at 14141 Covello Street, Suite 8C, Van Nuys, CA 91405.  On information and belief, after receiving notice of its infringement of the Patents-in-Suit as described herein, Evil Angel filed for dissolution with the California Secretary of State.

4.     On information and belief, Defendant Echo Alpha is a corporation organized and existing under the laws of the State of California, having its principal place of business at 14141 Covello Street, Suite 8C, Van Nuys, CA 91405.

5.     On information and belief, in 2013, Echo Alpha changed its name from John Stagliano, Inc. to Echo Alpha, Inc.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court has personal jurisdiction over Defendants pursuant to N.Y. C.P.L.R. §§ 301 and 302(a)(1)-(3).  On information and belief, this Court has general jurisdiction over Defendants based on their continuous and systematic conduct within New York, including, *inter alia,* Defendants' continuous contacts with, and sales to, customers in New York, and importation of products into New York.  On information and belief, Defendants are also subject to specific jurisdiction of this Court because, *inter alia,* Defendants have committed acts of patent infringement alleged in this Complaint within the state of New York and elsewhere, causing injury within the state.  Defendants have also availed themselves to the personal jurisdiction of this Court by filing a civil action in the U.S. District Court for the Southern

District of New York captioned *John Stagliano, Inc. d/b/a Evil Angel Productions, Inc. v. John Does 1-4*, Civil Action No. 12-cv-2965.

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, *inter alia*, Plaintiff LDUSA's principal place of business is located in this judicial district, the Patents-in-Suit are assigned to the Plaintiff, and infringement of the Patents-in-Suit has occurred and is occurring in this judicial district. Venue is also proper in this district in view of Defendants' previous commencement of a civil action in this judicial district.

## BACKGROUND

9.      On July 30, 2002, the United States Patent and Trademark Office duly and lawfully issued the '927 patent, entitled "Data Recording And Reproducing Method For Multi-Layered Optical Disk System," based upon an application filed by the inventor, Yasuo Kamatani. A true and correct copy of the '927 patent is attached hereto as Exhibit A.

10.      On March 4, 2003, the United States Patent and Trademark Office duly and lawfully issued the '469 patent, entitled "Data Recording And Reproducing Method For Multi-Layered Optical Disk System," based upon an application filed by the inventor, Yasuo Kamatani. A true and correct copy of the '469 patent is attached hereto as Exhibit B.

11.      On October 3, 2006, the United States Patent and Trademark Office duly and lawfully issued the '629 patent, entitled "Data Recording And Reproducing Method For Multi-Layered Optical Disk System," based upon an application filed by the inventor, Yasuo Kamatani. A true and correct copy of the '629 patent is attached hereto as Exhibit C.

12.      The inventions of the Patents-in-Suit generally relate to optical disk recording and reproducing technologies.

13.      Yasuo Kamatani invented the technology claimed in the Patents-in-Suit.

3

14.     LDUSA is the owner by assignment of the Patents-in-Suit, and has the right to sue and recover damages for infringement thereof.

15.     On September 7, 2011, Evil Angel filed an Original Answer and Counterclaims in the matter of *Patent Harbor, LLC v. Dreamworks Animation SKG, Inc. et al.*, ¶68 (D.I. 275) (E.D. Tex. Sep. 7, 2011). In its Original Answer and Counterclaims, Evil Angel "admit[ted] that it sells and offers to sell DVDs" and also "admit[ted] that it contracts the authoring of DVD's . . . to others. . . ."

16.     On information and belief, some of the DVDs manufactured, used, sold, offered for sale, and/or replicated by Defendants are dual-layer optical discs, and/or Defendants cause others to manufacture, use, sell, offer to sell, and/or replicate dual-layer optical discs. On information and belief, at least the dual-layer optical discs currently replicated, manufactured, used, sold and/or offered for sale by Defendants, and/or on behalf of the Defendants, including, for example, *Screwing Wall Street*, use the technology of the Patents-in-Suit.

### NOTICE OF THE PATENTS-IN-SUIT

17.     By correspondence, including letter dated December 9, 2014 ("December 9, 2014 Notice Letter") and subsequent email correspondence, non-party General Patent Corporation ("GPC"), in its role as the managing member of LDUSA, notified Evil Angel of the existence of the Patents-in-Suit and Evil Angel's infringement thereof.

18.     By email dated March 12, 2015, Evil Angel's Chief Financial Officer stated as follows: "[Evil Angel is a] consignment distributor of DVDs" and it "ship[s] orders."

19.     On information and belief, after receiving notice of its infringement of the Patents-in-Suit as described above, Evil Angel filed for dissolution with the California Secretary of State.

4

20.     On information and belief, Defendants Evil Angel and Echo Alpha share a common management structure and are commonly owned.

21.     On information and belief, John Stagliano is a whole or part owner of both Defendants Evil Angel and Echo Alpha, and serves as president of both Evil Angel and Echo Alpha.

22.     John Stagliano, Inc., now known as Defendant Echo Alpha, has held itself out as "doing business as" Evil Angel Productions, Inc. in pleadings before U.S. Federal Courts, including before this Court in a civil action titled *John Stagliano, Inc. d/b/a Evil Angel Productions, Inc. v. John Does 1-4*, Civil Action No. 12-cv-2965.

23.     Defendant Echo Alpha, and its predecessor John Stagliano, Inc., did and continues to do business as Defendant Evil Angel.

24.     On February 25, 2015, Echo Alpha filed three applications for "EVIL ANGEL" trade and/or service marks with the U.S. Patent and Trademark Office, including U.S. trademark application serial No. 86545894.

25.     In U.S. trademark application serial No. 86545894, Echo Alpha alleged actual use in commerce of the "EVIL ANGEL" mark by Echo Alpha in connection with "[d]igital media, namely, digital video discs, digital versatile discs, downloadable audio and video recordings, DVDs, and high definition digital discs featuring adult entertainment."

26.     Accordingly, on information and belief, Defendants Evil Angel and Echo Alpha are alter egos of each other.

27.     On information and belief, and in view of their common management structure, common ownership, and relationship as alter egos, both Defendants Evil Angel and Echo Alpha received notice of the existence of the Patents-in-Suit, and of their infringement of

5

the Patents-in-Suit, by the December 9, 2014 Notice Letter and subsequent email communication.

28.     Moreover, by letter dated March 6, 2015, non-party General Patent Corporation ("GPC"), in its role as the managing member of LDUSA, notified John Stagliano, who upon information and belief is the president of both Evil Angel and Echo Alpha, of the existence of the Patents-in-Suit and of infringement thereof.

29.     Accordingly, both Defendants Evil Angel and Echo Alpha received notice of the Patents-in-Suit, and their infringement thereof.

**COUNT I: INFRINGEMENT OF THE PATENTS-IN-SUIT BY EVIL ANGEL**

30.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

31.     On information and belief, Evil Angel has been and is now directly infringing one or more claims of the Patents-in-Suit by making, using, importing, providing, supplying, distributing, selling and/or offering to sell infringing products, and/or having made, used, imported, provided, supplied, distributed, sold, and/or offered for sale infringing products, and is, therefore, liable to LDUSA pursuant to 35 U.S.C. § 271. Evil Angel's infringing products include, but are not limited to, at least dual-layer optical discs.

32.     On information and belief, DVDs made, used, imported, provided, supplied, distributed, sold, and/or offered for sale by Evil Angel infringe one or more claims of the Patents-in-Suit.

33.     Evil Angel is therefore liable for direct infringement of the Patents-in-Suit pursuant to 35 U.S.C § 271(a).

34.     On information and belief, Evil Angel also indirectly infringed and continues to infringe under 35 U.S.C. § 271(b) by way of inducing others, including its

6

customers, distributors, resellers, and/or disc replicators, to make, use, import, provide, supply, distribute, sell and offer to sell products that infringe one or more claims of the Patents-in-Suit in the United States generally, and in the Southern District of New York in particular. More specifically, on information and belief, Evil Angel had and continues to have knowledge of the Patents-in-Suit, intended and continues to intend to induce its customers, distributors, resellers, and/or disc replicators to infringe the patents through its advertising, sales, offers for sale, attendance at trade shows, and instructions and specifications provided to those customers, distributors, resellers and/or disc replicators, including but not limited to those relating to the replication of dual-layer optical discs, and understood and continues to understand that such actions amount to infringement. Also, on information and belief, Evil Angel, with knowledge of the Patents-in-Suit, through advertising and other forms of communication, including its market presence and attendance at trade shows, induced and continues to induce end users to infringe the Patents-in-Suit by using Evil Angel's dual-layer optical discs.

35.     Evil Angel has infringed and continues to infringe despite an objectively high likelihood that its actions constitute infringement of LDUSA's valid patent rights. On information and belief, Evil Angel knew of or should have known of this objectively high risk at least as early as its receipt of this Complaint and/or when it became aware of the Patents-in-Suit or earlier. Thus, Evil Angel's infringement of the Patents-in-Suit has been and continues to be willful.

36.     The acts of infringement by Evil Angel have caused and will continue to cause damage to LDUSA. LDUSA is entitled to recover damages from Evil Angel in an amount no less than a reasonable royalty pursuant to 35 U.S.C. § 284 trebled for willful infringement.

7

The full measure of damages sustained as a result of Evil Angel's wrongful acts will be proven at trial.

      37.    Evil Angel's actions of willful infringement, and Evil Angel's actions in response to receipt of the notice letters pertaining to the Patents-in-Suit, including filing for dissolution of the Evil Angel business entity, render this an exceptional case, entitling LDUSA to attorneys' fees pursuant to 35 U.S.C. § 285.

      38.    Upon information and belief, the acts of infringement by Evil Angel will continue unless enjoined by this Court.

      39.    LDUSA has been and will be irreparably harmed and damaged by the acts of infringement of the Patents-in-Suit by Evil Angel and has no adequate remedy at law.

### COUNT II:  INFRINGEMENT OF THE PATENTS-IN-SUIT BY ECHO ALPHA

      40.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

      41.    In U.S. trademark application serial No. 86545894, Echo Alpha alleged actual use in commerce of the "EVIL ANGEL" mark by Echo Alpha in connection with "[d]igital media, namely, digital video discs, digital versatile discs, downloadable audio and video recordings, DVDs, and high definition digital discs featuring adult entertainment."

      42.    On information and belief, Echo Alpha has been and is now directly infringing one or more claims of the Patents-in-Suit by making, using, importing, providing, supplying, distributing, selling and/or offering to sell infringing products, and/or having made, used, imported, provided, supplied, distributed, sold, and/or offered for sale infringing products, and is, therefore, liable to LDUSA pursuant to 35 U.S.C. § 271. Echo Alpha's infringing products include, but are not limited to, at least dual-layer optical discs.

8

43.     On information and belief, DVDs made, used, imported, provided, supplied, distributed, sold, and/or offered for sale by Echo Alpha infringe one or more claims of the Patents-in-Suit.

44.     Echo Alpha is therefore liable for direct infringement of the Patents-in-Suit pursuant to 35 U.S.C § 271(a).

45.     On information and belief, Echo Alpha also indirectly infringed and continues to infringe under 35 U.S.C. § 271(b) by way of inducing others, including its customers, distributors, resellers, and/or disc replicators, to make, use, import, provide, supply, distribute, sell and offer to sell products that infringe one or more claims of the Patents-in-Suit in the United States generally, and in the Southern District of New York in particular.  More specifically, on information and belief, Echo Alpha had and continues to have knowledge of the Patents-in-Suit, intended and continues to intend to induce its customers, distributors, resellers, and/or disc replicators to infringe the patents through its advertising, sales, offers for sale, attendance at trade shows, and instructions and specifications provided to those customers, distributors, resellers and/or disc replicators, including but not limited to those relating to the replication of dual-layer optical discs, and understood and continues to understand that such actions amount to infringement.  Also, on information and belief, Echo Alpha, with knowledge of the Patents-in-Suit, through advertising and other forms of communication, including its market presence and attendance at trade shows, induced and continues to induce end users to infringe the Patents-in-Suit by using Echo Alpha's dual-layer optical discs.

46.     Echo Alpha has infringed and continues to infringe despite an objectively high likelihood that its actions constitute infringement of LDUSA's valid patent rights.  On information and belief, Echo Alpha knew of or should have known of this objectively high risk

9

at least as early as its receipt of this Complaint and/or when it became aware of the Patents-in-Suit or earlier. Thus, Echo Alpha's infringement of the Patents-in-Suit has been and continues to be willful.

47.     The acts of infringement by Echo Alpha have caused and will continue to cause damage to LDUSA. LDUSA is entitled to recover damages from Echo Alpha in an amount no less than a reasonable royalty pursuant to 35 U.S.C. § 284 trebled for willful infringement. The full measure of damages sustained as a result of Echo Alpha's wrongful acts will be proven at trial.

48.     Echo Alpha's actions of willful infringement, and its actions in response to receipt of the notice letters pertaining to the Patents-in-Suit, including the filing for dissolution of its alter ego Evil Angel business entity, render this an exceptional case, entitling LDUSA to attorneys' fees pursuant to 35 U.S.C. § 285.

49.     Upon information and belief, the acts of infringement by Echo Alpha will continue unless enjoined by this Court.

50.     LDUSA has been and will be irreparably harmed and damaged by the acts of infringement of the Patents-in-Suit by Echo Alpha and has no adequate remedy at law.

**COUNT III:  INFRINGEMENT OF THE PATENTS-IN-SUIT BY DEFENDANTS**

51.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

52.     On information and belief, Defendants have been and are now directly infringing one or more claims of the Patents-in-Suit by making, using, importing, providing, supplying, distributing, selling and/or offering to sell infringing products, and/or having made, used, imported, provided, supplied, distributed, sold, and/or offered for sale infringing products,

and are, therefore, liable to LDUSA pursuant to 35 U.S.C. § 271. Defendants' infringing products include, but are not limited to, at least dual-layer optical discs.

53.     On information and belief, DVDs made, used, imported, provided, supplied, distributed, sold, and/or offered for sale by Defendants infringe one or more claims of the Patents-in-Suit.

54.     Defendants are therefore liable for direct infringement of the Patents-in-Suit pursuant to 35 U.S.C § 271(a).

55.     On information and belief, Defendants also indirectly infringed and continue to infringe under 35 U.S.C. § 271(b) by way of inducing others, including its customers, distributors, resellers, and/or disc replicators, to make, use, import, provide, supply, distribute, sell and offer to sell products that infringe one or more claims of the Patents-in-Suit in the United States generally, and in the Southern District of New York in particular. More specifically, on information and belief, Defendants have and continue to have knowledge of the Patents-in-Suit, intended and continue to intend to induce their customers, distributors, resellers, and/or disc replicators to infringe the patents through its advertising, sales, offers for sale, attendance at trade shows, and instructions and specifications provided to those customers, distributors, resellers and/or disc replicators, including but not limited to those relating to the replication of dual-layer optical discs, and understood and continue to understand that such actions amount to infringement. Also, on information and belief, Defendants, with knowledge of the Patents-in-Suit, through advertising and other forms of communication, including their market presence and attendance at trade shows, induced and continue to induce end users to infringe the Patents-in-Suit by using Defendants' dual-layer optical discs.

56.     Defendants have infringed and continue to infringe despite an objectively high likelihood that its actions constitute infringement of LDUSA's valid patent rights.  On information and belief, Defendants knew of or should have known of this objectively high risk at least as early as its receipt of this Complaint and/or when they became aware of the Patents-in-Suit or earlier.  Thus, Defendants' infringement of the Patents-in-Suit has been and continues to be willful.

57.     The acts of infringement by Defendants have caused and will continue to cause damage to LDUSA.  LDUSA is entitled to recover damages from Defendants in an amount no less than a reasonable royalty pursuant to 35 U.S.C. § 284 trebled for willful infringement. The full measure of damages sustained as a result of Defendants' wrongful acts will be proven at trial.

58.     Defendants' actions of willful infringement, and their actions in response to receipt of the notice letters pertaining to the Patents-in-Suit, including the filing for dissolution of the Evil Angel business entity, render this an exceptional case, entitling LDUSA to attorneys' fees pursuant to 35 U.S.C. § 285.

59.     Upon information and belief, the acts of infringement by Defendants will continue unless enjoined by this Court.

60.     LDUSA has been and will be irreparably harmed and damaged by the acts of infringement of the Patents-in-Suit by Defendants and has no adequate remedy at law.

12

## PRAYER FOR RELIEF

WHEREFORE, LDUSA prays for the judgment in its favor against Defendants granting LDUSA the following relief:

A.      Entry of judgment in favor of LDUSA against each Defendant individually, and against all Defendants jointly and severally, on all counts;

B.      Entry of judgment that each Defendant individually, and all Defendants jointly and severally, have infringed the Patents-in-Suit;

C.      Entry of judgment that Defendants' infringement of the Patents-in-Suit, has been willful;

D.      An order permanently enjoining Defendants, together with their officers, directors, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, from infringing the Patents-in-Suit;

E.      Award of compensatory damages adequate to compensate LDUSA for Defendants' infringement of the Patents-in-Suit, in no event less than a reasonable royalty trebled as provided by 35 U.S.C. § 284;

F.      Award of LDUSA's costs;

G.      Award of LDUSA's attorney's fees pursuant to 35 U.S.C. § 285;

H.      Pre-judgment and post-judgment interest on LDUSA's award; and

I.      All such other and further relief as the Court deems just or equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Fed. R. Civ. Proc., Plaintiff hereby demands trial by

jury in this action of all claims so triable.

Dated: New York, New York
      May 12, 2015

KHEYFITS & MALONEY LLP

By: _____
    Dmitriy Kheyfits
    dkheyfits@kheyfitsmaloney.com
    Michael James Maloney
    mmaloney@kheyfitsmaloney.com
1140 Avenue of the Americas
9th Floor
New York, New York 10036
Tel. (212) 203-5399
Fax. (212) 203-6445

*Attorneys for Plaintiff LaserDynamics USA LLC*