UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LASERDYNAMICS USA, LLC,<br><br>　　　　　　Plaintiff,<br><br>　-against-<br><br>EVIL ANGEL PRODUCTIONS, INC., and ECHO ALPHA, INC. (f/k/a JOHN STAGLIANO, INC.),<br><br>　　　　　　Defendants. | Civil Action No.: 1:15-cv-3658-RWS<br><br>**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff LaserDynamics USA, LLC ("LDUSA"), by and through its attorneys Kheyfits & Maloney LLP, as and for its complaint against Defendants Evil Angel Productions, Inc. ("Evil Angel"), and Echo Alpha, Inc. (f/k/a John Stagliano, Inc.) ("Echo Alpha") (Evil Angel and Echo Alpha are collectively referred to herein as "Defendants"), hereby alleges as follows:

## NATURE OF THE ACTION

1.　This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*., for infringement by Defendants of one or more claims of U.S. Patent No's. 6,426,927 (the "`927 patent"), 6,529,469 (the "`469 patent"), and 7,116,629 (the "`629 patent") (collectively, the `927 patent, the `469 patent, and the `629 patent are referred to herein as the "Patents-in-Suit").

## PARTIES

2.　Plaintiff LDUSA is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 75 Montebello Road, Suffern, New York 10901.  The sole member of LDUSA is Kamatani Technologies, Inc.

3. On information and belief, Defendant Evil Angel is a corporation organized under the laws of the State of California, having its principal place of business at 14141 Covello Street, Suite 8C, Van Nuys, CA 91405. On information and belief, after receiving notice of its infringement of the Patents-in-Suit as described herein, Evil Angel filed for dissolution with the California Secretary of State.

4. On information and belief, Defendant Echo Alpha is a corporation organized and existing under the laws of the State of California, having its principal place of business at 14141 Covello Street, Suite 8C, Van Nuys, CA 91405.

5. On information and belief, in 2013, Echo Alpha changed its name from John Stagliano, Inc. to Echo Alpha, Inc.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendants pursuant to N.Y. C.P.L.R. §§ 301 and 302(a)(1)-(3). On information and belief, this Court has general jurisdiction over Defendants based on their continuous and systematic conduct within New York, including, *inter alia,* Defendants' continuous contacts with, and sales to, customers in New York, and importation of products into New York. On information and belief, Defendants are also subject to specific jurisdiction of this Court because, *inter alia*, Defendants have committed acts of patent infringement alleged in the Complaint and this First Amended Complaint within the state of New York and elsewhere, causing injury within the state. Defendants have also availed themselves to the personal jurisdiction of this Court by filing a civil action in the U.S. District

Court for the Southern District of New York captioned *John Stagliano, Inc. d/b/a Evil Angel Productions, Inc. v. John Does 1-4*, Civil Action No. 12-cv-2965.

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, *inter alia*, Plaintiff LDUSA's principal place of business is located in this judicial district, the Patents-in-Suit are assigned to the Plaintiff, and infringement of the Patents-in-Suit has occurred and is occurring in this judicial district.  Venue is also proper in this district in view of Defendants' previous commencement of a civil action in this judicial district.

## BACKGROUND

### The Patents-in-Suit

9. On July 30, 2002, the United States Patent and Trademark Office duly and lawfully issued the '927 patent, entitled "Data Recording And Reproducing Method For Multi-Layered Optical Disk System," based upon an application filed by the inventor, Yasuo Kamatani.  A true and correct copy of the '927 patent is attached hereto as Exhibit A.

10. On March 4, 2003, the United States Patent and Trademark Office duly and lawfully issued the '469 patent, entitled "Data Recording And Reproducing Technique For Multi-Layered Optical Disk System," based upon an application filed by the inventor, Yasuo Kamatani.  A true and correct copy of the '469 patent is attached hereto as Exhibit B.

11. On October 3, 2006, the United States Patent and Trademark Office duly and lawfully issued the '629 patent, entitled "Data Recording And Reproducing Method For Multi-Layered Optical Disk System," based upon an application filed by the inventor, Yasuo Kamatani.  A true and correct copy of the '629 patent is attached hereto as Exhibit C.

12. The inventions of the Patents-in-Suit generally relate to multi-layer optical disks and disk recording and disk reproducing technologies relating to multi-layer optical disks.

13. Yasuo Kamatani invented the technology claimed in the Patents-in-Suit.

14. LDUSA is the owner by assignment of the Patents-in-Suit, and has the right to sue and recover damages for infringement thereof.

### The Infringing Products

15. On information and belief, Defendants manufacture, use, sell, and/or offer for sale opposite-track path, dual-layer optical discs for consumers in the United States. On information and belief, Defendants have substantial experience concerning the production, manufacture, sale and distribution of opposite-track path, dual-layer video digital versatile discs ("DVDs").

16. On information and belief, certain of the DVDs manufactured by Defendants are manufactured in conformance with a format of opposite-track path, dual-layer optical discs commonly known in the industry as "DVD-9" discs. On information and belief, dual layer dual layer optical discs manufactured by Defendants in conformance with the DVD-9 format, including for example Defendants' *Screwing Wall Street*, infringe at least claims 1 and 3 of the `927 patent, claims 1 and 10 of the `469 patent, and/or claims 1 and 6 of the `629 patent. In the alternative and on information and belief, Defendants cause others to manufacture, use, sell, and/or offer for sale DVD-9 discs that infringe at least the aforementioned claims of the Patents-in-Suit.

17. On September 7, 2011, Evil Angel filed an Original Answer and Counterclaims in the matter of *Patent Harbor, LLC v. Dreamworks Animation SKG, Inc. et al.*, ¶68 (D.I. 275) (E.D. Tex. Sep. 7, 2011). In its Original Answer and Counterclaims, Evil Angel "admit[ted] that it sells and offers to sell DVDs" and also "admit[ted] that it contracts the authoring of DVD's . . . to others. . . ."

18. On information and belief, in addition to the manufacture of DVD-9 and other dual-layer optical discs, Defendants also offer to distributors, wholesalers, retailers, and/or other parties agreements, solicitations, and/or other incentives for the purpose of inducing such person(s) to purchase, distribute, import, sell, and/or offer to sell infringing dual-layer optical discs.

19. On information and belief, the purchase, distribution, importation, sale, and/or offer for sale of DVD-9 discs by distributors, wholesalers, retailers, and/or other parties amounts to infringement.

**Notice Of The Patents-In-Suit**

20. By correspondence, including a letter dated December 9, 2014 ("December 9, 2014 Notice Letter") and subsequent email correspondence, non-party General Patent Corporation ("GPC"), in its role as manager of LDUSA, notified Evil Angel of the existence of the Patents-in-Suit and Evil Angel's infringement thereof. With its December 9, 2014 Notice Letter, LDUSA provided to Evil Angel copies of the Patents-in-Suit.

21. On information and belief, after receiving notice of its infringement of the Patents-in-Suit as described above, Evil Angel filed for dissolution with the California Secretary of State.

22. On information and belief, Defendants Evil Angel and Echo Alpha share a common management structure and are commonly owned.

23. On information and belief, John Stagliano is a whole or part owner of both Defendants Evil Angel and Echo Alpha, and serves as president of both Evil Angel and Echo Alpha.

24. In pleadings filed with U.S. Federal Courts, including in a civil action titled *John Stagliano, Inc. d/b/a Evil Angel Productions, Inc. v. John Does 1-4*, SDNY Civil

Action No. 12-cv-2965, John Stagliano, Inc., now known as Defendant Echo Alpha, has held itself out as "doing business as" Evil Angel Productions, Inc.

25. Defendant Echo Alpha, and its predecessor John Stagliano, Inc., did and continues to do business as Defendant Evil Angel.

26. On February 25, 2015, Echo Alpha filed three applications for "EVIL ANGEL" trade and/or service marks with the U.S. Patent and Trademark Office, including U.S. trademark application serial No. 86545894.

27. In U.S. trademark application serial No. 86545894, Echo Alpha alleged actual use in commerce of the "EVIL ANGEL" mark by Echo Alpha in connection with "[d]igital media, namely, digital video discs, digital versatile discs, downloadable audio and video recordings, DVDs, and high definition digital discs featuring adult entertainment."

28. Accordingly, on information and belief, Defendants Evil Angel and Echo Alpha are alter egos of each other.

29. On information and belief, and in view of their common management structure, common ownership, and relationship as alter egos, both Defendants Evil Angel and Echo Alpha received notice of the existence of the Patents-in-Suit, and of their infringement of the Patents-in-Suit, by way of the December 9, 2014 Notice Letter and subsequent email communication.

30. Moreover, by letter dated March 6, 2015, non-party General Patent Corporation ("GPC"), in its role as manager of LDUSA, notified John Stagliano, who upon information and belief is the president of both Evil Angel and Echo Alpha, of the existence of the Patents-in-Suit and of infringement thereof.

31.     In addition and on information and belief, Defendants are in the business of producing, distributing and/or selling movies on DVD-9 discs.  By way of their experience in this business, Defendants know or should know the features of DVD-9 discs, including the features claimed in the Patents-in-Suit.

32.     Accordingly, both Defendants Evil Angel and Echo Alpha received notice of the Patents-in-Suit, and their infringement thereof.

**COUNT I:  INFRINGEMENT OF THE PATENTS-IN-SUIT BY EVIL ANGEL**

33.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

34.     LDUSA is the owner by assignment of the Patents-in-Suit and has the right to sue and recover damages for infringement thereof.

35.     Evil Angel is not licensed under the Patents-in-Suit, yet Evil Angel knowingly, actively, and lucratively practices the claimed inventions of the patents.

36.     On information and belief, Evil Angel has been and is now directly infringing at least claims 1 and 3 of the `927 patent, claims 1 and 10 of the `469 patent, and/or claims 1 and 6 of the `629 patent by making, using, importing, providing, supplying, distributing, selling and/or offering to sell infringing products.  Evil Angel's infringing products include, but are not limited to, at least dual-layer optical DVD-9 discs.

37.     Evil Angel is therefore liable for direct infringement of the Patents-in-Suit pursuant to 35 U.S.C § 271(a).

38.     The acts of infringement by Evil Angel have caused and will continue to cause damage to LDUSA.  LDUSA is entitled to recover damages from Evil Angel in an amount no less than a reasonable royalty pursuant to 35 U.S.C. § 284.  The full measure of damages sustained as a result of Evil Angel's wrongful acts will be proven at trial.

## COUNT II:  INFRINGEMENT OF THE PATENTS-IN-SUIT BY ECHO ALPHA

39. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

40. LDUSA is the owner by assignment of the Patents-in-Suit and has the right to sue and recover damages for infringement thereof.

41. Echo Alpha is not licensed under the Patents-in-Suit, yet Echo Alpha knowingly, actively, and lucratively practices the claimed inventions of the patents.

42. On information and belief, Echo Alpha has been and is now directly infringing at least claims 1 and 3 of the `927 patent, claims 1 and 10 of the `469 patent, and/or claims 1 and 6 of the `629 patent by making, using, importing, providing, supplying, distributing, selling and/or offering to sell infringing products.  Echo Alpha's infringing products include, but are not limited to, at least dual-layer optical DVD-9 discs.

43. Echo Alpha is therefore liable for direct infringement of the Patents-in-Suit pursuant to 35 U.S.C § 271(a).

44. The acts of infringement by Echo Alpha have caused and will continue to cause damage to LDUSA.  LDUSA is entitled to recover damages from Echo Alpha in an amount no less than a reasonable royalty pursuant to 35 U.S.C. § 284.  The full measure of damages sustained as a result of Echo Alpha's wrongful acts will be proven at trial.

## COUNT III:  INFRINGEMENT OF THE PATENTS-IN-SUIT BY DEFENDANTS

45. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

46. LDUSA is the owner by assignment of the Patents-in-Suit and has the right to sue and recover damages for infringement thereof.

47. Defendants are not licensed under the Patents-in-Suit, yet Defendants knowingly, actively, and lucratively practice the claimed inventions of the patents.

48. On information and belief, Defendants have been and are now directly infringing at least claims 1 and 3 of the `927 patent, claims 1 and 10 of the `469 patent, and/or claims 1 and 6 of the `629 patent by making, using, importing, providing, supplying, distributing, selling and/or offering to sell infringing products. Defendants' infringing products include, but are not limited to, at least dual-layer optical DVD-9 discs.

49. Defendants are therefore liable for direct infringement of the Patents-in-Suit pursuant to 35 U.S.C § 271(a).

50. The acts of infringement by Defendants have caused and will continue to cause damage to LDUSA. LDUSA is entitled to recover damages from Defendants in an amount no less than a reasonable royalty pursuant to 35 U.S.C. § 284. The full measure of damages sustained as a result of Defendants' wrongful acts will be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, LDUSA prays for the judgment in its favor against Defendants granting LDUSA the following relief:

A. Entry of judgment in favor of LDUSA against each Defendant individually, and against all Defendants jointly and severally, on all counts;

B. Entry of judgment that each Defendant individually, and all Defendants jointly and severally, have infringed the Patents-in-Suit;

C. Award of compensatory damages adequate to compensate LDUSA for Defendants' infringement of the Patents-in-Suit, in no event less than a reasonable royalty as provided by 35 U.S.C. § 284;

D. Award of LDUSA's costs;

E. Pre-judgment and post-judgment interest on LDUSA's award; and

F.	All such other and further relief as the Court deems just or equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Fed. R. Civ. Proc., Plaintiff hereby demands trial by jury in this action of all claims so triable.

Dated: New York, New York
September 11, 2015

KHEYFITS & MALONEY LLP

By:   /s/ Michael James Maloney
Dmitriy Kheyfits
dkheyfits@kheyfitsmaloney.com
Michael James Maloney
mmaloney@kheyfitsmaloney.com
1140 Avenue of the Americas
9th Floor
New York, New York  10036
Tel. (212) 203-5399
Fax. (212) 203-6445

*Attorneys for Plaintiff LaserDynamics USA LLC*